UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UPSTATE IRON WORKER EMPLOYERS'
ASSOCIATION, INC.,

                          Plaintiff,

           v.

INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL, ORNAMENTAL AND REINFORCING
IRONWORKERS, LOCAL UNION NO. 6,

INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL, ORNAMENTAL AND REINFORCING
IRONWORKERS, LOCAL UNION NO. 9,

INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL, ORNAMENTAL AND REINFORCING
IRONWORKERS, LOCAL UNION NO. 12,

INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL, ORNAMENTAL AND REINFORCING
IRONWORKERS, LOCAL UNION NO. 33,

INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL, ORNAMENTAL AND REINFORCING
IRONWORKERS, LOCAL UNION NO. 60, and

INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL, ORNAMENTAL AND REINFORCING
IRONWORKERS, LOCAL UNION NO. 440,

                          Defendants.
_____

**COMPLAINT**

Case No.:  1:23-cv-1243 (MAD/DJS)

Plaintiff, by and through its attorneys, Bond, Schoeneck & King, PLLC, allege as follows:

## NATURE OF THE ACTION

1.      This case is a civil action pursuant to section 301 of the Labor Management

Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, by Plaintiff, an association of employers in

the ironworking industry, against Defendants, a collection of iron worker labor unions located in

1

western and northern New York, arising from Defendants' breach of a labor contract entered into by the parties.

2.      Plaintiff and Defendants entered into an agreement whereby Defendants promised to reimburse Plaintiff's members for their expenses incurred from voluntarily complying with the paid sick leave requirements of the New York State Paid Sick Leave Act of 2020 (the "PSL Agreement").

3.      Defendants have failed to fully reimburse Plaintiff's members for such expenses.

4.      Plaintiff seeks an award in the amount of the unpaid expenses owed to Plaintiff's members by Defendants pursuant to the PSL Agreement, plus interest.

5.      Plaintiff also seeks an order directing Defendants to comply with the PSL Agreement, including the requirement to process paid sick leave reimbursements through trust funds jointly managed by Plaintiff and Defendants known as Iron Workers and Employers Cooperative Trusts ("IWECT"), when necessary.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to section 301 of the LMRA, 29 U.S.C. § 185, and the general federal question jurisdiction statute, 28 U.S.C. § 1331.

7.      Venue is proper in this judicial district pursuant to section 301 of the LMRA, 29 U.S.C. § 185, and the general federal venue statute, 28 U.S.C. § 1391(b), as Defendant International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers, Local Union No. 60 resides in this judicial district and a substantial part of the events giving rise to this claim, such as negotiations concerning the PSL Agreement, occurred in this judicial district.

2

## THE PARTIES

8.      Plaintiff Upstate Iron Worker Employers' Association, Inc. ("Plaintiff" or "UIWEA") is a nonprofit trade association, incorporated under the laws of New York, whose members are employers in the ironworking industry ("UIWEA Members"). Plaintiff's principal place of business is 2660 William Street, Buffalo, New York 14227.

9.      International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers, Local Union No. 6 ("Local 6") is a labor organization as defined in section 2(5) the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), with its principal place of business located at 196 Orchard Park Road, West Seneca, New York 14224.

10.     International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers, Local Union No. 9 ("Local 9") is a labor organization as defined in section 2(5) the NLRA, 29 U.S.C. § 152(5), with its principal place of business located at 412 39th Street, Niagara Falls, New York 14303.

11.     International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers, Local Union No. 12 ("Local 12") is a labor organization as defined in section 2(5) the NLRA, 29 U.S.C. § 152(5), with its principal place of business located at 17 Hemlock Street, Latham, New York 12110.

12.     International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers, Local Union No. 33 ("Local 33") is a labor organization as defined in section 2(5) the NLRA, 29 U.S.C. § 152(5), with its principal place of business located at 650 Trabold Road Rochester, New York 14624.

13.     International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers, Local Union No. 60 ("Local 60") is a labor organization as defined in section 2(5)

the NLRA, 29 U.S.C. § 152(5), with its principal place of business located at 500 W. Genesee Street, Syracuse, New York 13204.

14.    International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers, Local Union No. 440 ("Local 440") is a labor organization as defined in section 2(5) the NLRA, 29 U.S.C. § 152(5), with its principal place of business located at 410 Main Street, Suite 100, Whitesboro, New York 13492.

## FACTUAL ALLEGATIONS

### Relationship between Plaintiff and Defendants

15.    Plaintiff UIWEA is a trade association whose purpose *inter alia* is to bargain with Defendants on behalf of UIWEA Members on matters related to the ironworking industry of western and northern New York.

16.    Defendants represent iron workers that are employed by UIWEA members.

17.    Pursuant to the NLRA, Plaintiff and Defendants collectively bargain on the terms and conditions of employment for iron workers represented by Defendants and employed by UIWEA Members.

18.    UIWEA Members authorize Plaintiff to bargain on their behalf with Defendants.

19.    Plaintiff and Defendants regularly negotiate collective bargaining agreements and other labor contracts concerning the ironworking industry of western and northern New York.

### PSL Agreement

20.    On September 30, 2020, New York enacted the Paid Sick Leave Act ("PSLA"), codified as section 196-b of the New York Labor Law ("NYLL"), which requires certain businesses to provide employees with paid sick leave.

4

21.      NYLL § 196-b(9) states, "Nothing in this section shall be construed to: a. prohibit a collective bargaining agreement entered into, on or after the effective date of this section from, in lieu of the leave provided for in this section, providing a comparable benefit for the employees covered by such agreement in the form of paid days off; such paid days off shall be in the form of leave, compensation, other employee benefits, or some combination thereof."

22.      In May 2021, Plaintiff and Defendants were negotiating a collective bargaining agreement for the period July 1, 2021 through June 20, 2024 (the "2021-24 CBA").

23.      During negotiations, Plaintiff and Defendants acknowledged that it was uncertain whether UIWEA Members were required to comply with the paid sick leave requirements of the PSLA, especially in light of NYLL § 196-b(9).

24.      Acknowledging the uncertainty of the PSLA's applicability to UIWEA Members, Plaintiff and Defendants entered into the PSL Agreement, an agreement independent of the 2021-24 CBA, whereby, as consideration for Plaintiff's members' promise to voluntarily comply with the requirements of the PSLA, Defendants agreed "to reimburse [Plaintiff's members] any sick leave paid by said employer as required by New York State Paid Sick Leave, Labor Law § 196-b to local Union members using the IWECT funds."

25.      The PSL Agreement further stated, "This reimbursement [paid by Defendants] shall cover payments of wages plus 15% of the gross wage towards a portion of the applicable taxes and insurances.  Requests [for reimbursement] shall be submitted to the members Home Local by Employer."

26.      The PSL Agreement stated that the purpose of "this agreement is to provide employment opportunities for the members of the [Defendants] and to ensure [UIWEA Members'] competitiveness in the industry."

27.     Plaintiff and Defendants memorialized the PSL Agreement in writing, entitling the contract, "Agreement Regarding New York State Paid Sick Leave between the Iron Workers Upstate Locals of New York and Vicinity Consisting of International Association of Bride Bridge, Structural, Ornamental and Reinforcing Ironworkers, Local Union Nos. 6, 9, 12, 33, 60, and 440 and Upstate Iron Worker Employers' Association, Inc."

28.     The PSL Agreement only benefited Plaintiff's members.

29.     The PSL Agreement was negotiated independent of any collective bargaining agreement.

30.     The PSL Agreement also states, "It is agreed by mutual consent . . . [that] this side agreement may be reopened by July 1, 2022 for the limited purpose of reaching an agreement on the implementation of this State required benefits."

31.     To date, the PSL Agreement has not been reopened.

32.     To date, Plaintiff and Defendants have not reached agreement concerning the PLSA, aside from the PSL Agreement.

33.     The PSL Agreement is a labor contract, within the meaning of section 301 of the LMRA, as it was negotiated between an association of employers and labor organizations to promote and maintain labor peace among them.

**Breach of the PSL Agreement**

34.     Defendants reimbursed Plaintiff's members' paid sick leave expenses pursuant to the PSL Agreement through July 1, 2022.

35.     After July 1, 2022, Defendants Local 9, Local 12, Local 33, Local 60, and Local 440 unilaterally ceased reimbursements of paid sick leave incurred by Plaintiff's members, despite

Plaintiff's members continuing to provide Defendants' members paid sick leave pursuant to the PSL Agreement.

36.    Defendant Local 6 continued to comply with the PSL Agreement after July 1, 2022 through the present by reimbursing Plaintiff's members for sick leave paid to Local 6 employees.

37.    By failing to reimburse Plaintiff's members for paid sick leave, Defendants Local 9, Local 12, Local 33, Local 60, and Local 440 breached the PSL Agreement.

38.    To date, UIWEA Members are owed the sum of $65,438.41 from Defendants arising from Defendants' failure to reimburse paid sick leave expenses incurred by Plaintiff's members in violation of the PSL Agreement.

**Defendants' Refusal to Cure their Breach of the PSL Agreement**

39.    On June 14, 2023, Plaintiff sent a letter to Defendants requesting that Defendants cure their breach, with interest on amounts owed, and commit to prospective compliance with the PSL Agreement on or before June 28, 2023.

40.    Defendants did not cure their breach or represent that they would comply with the PSL Agreement by June 28, 2023.

41.    On July 18, 2023, Plaintiff sent Defendants a second demand letter, requesting payment of the reimbursements owed to UIWEA Members in the amount of $65,438.41, plus interest, by August 1, 2023, together with a representation that Defendants would comply with the PSL Agreement in the future.

42.    Defendants Local 9, Local 12, Local 33, Local 60, and Local 440 have failed to cure their breach of the PSL Agreement, despite receiving notices of opportunities to cure said breach, as they have failed to pay any monies owed to UIWEA Members since July 1, 2022.

43.    On September 25, 2023, Defendants sent Plaintiff a letter indicating that Defendants would no longer comply with the PSL Agreement, stating that the PSL Agreement "expired on July 1, 2022."

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
(Declaratory Relief)

44.    Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45.    The PSL Agreement states, "It is agreed by mutual consent . . . [that] this side agreement may be reopened by July 1, 2022 for the limited purpose of reaching an agreement on the implementation of this State required benefits."

46.    In their September 25, 2023 letter, Defendants interpret this provision as permitting Defendants to unilaterally terminate the PSL Agreement, even though there is no other agreement among the parties concerning the application of the PSLA to the ironworking industry of western and northern New York, without any consequences for Defendants.

47.    Plaintiff interprets this provision as requiring compliance with the PSL Agreement until the parties mutually agree on a subsequent agreement concerning the PSLA that replaces the PSL Agreement.

48.    In their September 25, 2023 letter, Defendants stated that they will not comply with the PSL Agreement because they unilaterally terminated the PSL Agreement on July 2022.

49.    As a result of Defendants' unilateral breach of the PSL Agreement, Plaintiff's members have incurred costs that they have not anticipated.

50.    Therefore, an actual controversy has arisen and now exists between the parties regarding the status of the PSL Agreement.

51.     Accordingly, Plaintiff seeks a judicial determination, pursuant to 28 U.S.C. §§ 2201 and 2202, that the PSL Agreement remains binding on the parties and that no party thereto has the ability to unilaterally terminate said agreement.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF
(Breach of Contract – LMRA § 301)

52.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53.     At all relevant times, Plaintiff and UIWEA Members, were employers in an industry affecting commerce within the meaning of sections 301 and 501 of the LMRA, 29 U.S.C. §§ 142, 185.

54.     At all relevant times, Defendants were labor organizations within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.

55.     The PSL Agreement is a labor contract within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.

56.     Defendants Local 9, Local 12, Local 33, Local 60, and Local 440 breached that labor contract by failing to reimburse Plaintiff's members' expenses from voluntarily complying with the PSLA and providing paid sick leave to Defendants' memebers in the amount of $65,438.41, plus any other damages identified during the course of this action.

57.     Section 301 of the LMRA authorizes Plaintiff, a party to the PSL Agreement, to file a federal action regarding the breach of the PSL Agreement by Defendants Local 9, Local 12, Local 33, Local 60, and Local 440.

58.     Pursuant to section 301 of the LMRA, Plaintiff is entitled to an order directing Defendants Local 9, Local 12, Local 33, Local 60, and Local 440 to pay all reimbursements due to Plaintiff and its members.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF
(Injunctive Relief – LMRA § 301)

59.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60.     Section 301 of the LMRA provides employers with injunctive relief against labor organizations to foster the labor organization's compliance with labor contracts.

61.     Defendants have stated that they will continue to violate the terms of the PSL Agreement by refusing to process reimbursements for Plaintiff's members' expenses for paid sick leave provided to Defendants' members.

62.     Defendants have ceased processing its reimbursements of Plaintiff's members' expenses for paid sick leave directly by refusing issue reimbursements from their own assets.

63.     Defendants have also refused to facilitate the processing of paid sick leave reimbursements through "IWECT Funds," as required by the PSL Agreement.

64.     Defendants and Plaintiff jointly manage the IWECT funds.

65.     Defendants are refusing to authorize reimbursements required by the PSL Agreement through the IWECT Funds because Defendants incorrectly believe that the PSL Agreement expired.

66.     Defendants' refusal to authorize reimbursements for paid sick leave costs incurred by Plaintiff's members is a breach of the PSL Agreement.

67.     Accordingly, pursuant to section 301 of the LMRA, Plaintiff is entitled to an injunction directing Defendants to take all actions necessary to facilitate and ensure compliance with the PSL Agreement, including authorizing such reimbursements through the IWECT Funds, as required by the PSL Agreement.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1)       On Plaintiff's First Claim for Relief, declare that (a) the PSL Agreement did not expire on July 1, 2022, (b) Defendants have no right to unilaterally terminate the PSL Agreement, (c) the PSL Agreement has been binding on all parties at all relevant times, and (d) the PSL Agreement binds the parties until the parties mutually agree on a subsequent agreement addressing the PSLA's impact on the ironworking industry of western and northern New York;

2)       On Plaintiff's Second Claim for Relief, award Plaintiff a judgment against Defendants Local 9, Local 12, Local 33, Local 60, and Local 440 in the amount of $65,438.41, plus any other damages identified during the course of this action; and

3)       On Plaintiff's Third Claim for Relief, issue an order directing Defendants to (a) comply with the PSL Agreement until the parties mutually agree upon a different agreement to address the PSLA's impact on the ironworking industry of western and northern New York, and (b) facilitate the payment of reimbursement requests for paid sick leave from Plaintiff's members pursuant to the PSL Agreement with either (i) Defendants' assets or (ii) assets of the IWECT Funds.

4)       Award Plaintiff's attorneys' fees and costs;

5)       Award Plaintiff's pre-judgment and post-judgment interest; and

6)       Award Plaintiff's such further relief as the Court may deem just and proper.

Dated: New York, New York                     Respectfully submitted,
        October 4, 2023

                                              **BOND, SCHOENECK & KING, PLLC**

                                      By:     /s/ John M. Harras
                                              John M. Harras, Esq.
                                              600 Third Avenue, 22nd Floor
                                              New York, New York 10016
                                              (646) 253-2333
                                              jharras@bsk.com
                                              *Attorneys for Plaintiff*

16608398.2 10/4/2023